QUESTION: Does a state attorney have the authority or duty to secure the appearance of witnesses at the noncriminal hearings provided for in the new statute decriminalizing certain traffic offenses?
SUMMARY: Whenever the state is a party to any traffic infraction proceeding pursuant to Ch. 74-377, Laws of Florida, the state attorney has the authority and duty to secure the appearance of witnesses required on behalf of the State at noncriminal hearings provided for in the Florida Uniform Disposition of Traffic Infractions Act decriminalizing certain traffic offenses. Chapter 74-377, Laws of Florida, is known as the "Florida Uniform Disposition of Traffic Infractions Act" and provides generally that persons cited for traffic offenses shall be deemed to be charged with noncriminal infractions. Section 318.14(1), F.S., created by Ch. 74-377. There are specific exceptions to decriminalization which are found in s. 318.17, created by Ch. 74-377, and which include: Fleeing or attempting to elude a police officer; leaving the scene of an accident; driving while under the influence of alcohol, etc.; reckless driving; and making false accident reports. The duties of a state attorney before the court are found in s. 27.02, F.S., wherein it is provided that, "[t]he state attorney shall appear in the circuit and county courts within his judicial circuit and prosecute or defend on behalf of the state all suits, . . . civil or criminal, in which the state is a party," except as provided in Chs. 39 and 959, F.S. (Emphasis supplied.) Further, s. 27.04, F.S., in part provides that, "[t]he state attorney shall have summoned all witnesses required on behalf of the state, . . . ." (Emphasis supplied.) The Florida Supreme Court has adopted rules to govern practice and procedure in courts throughout the state handling traffic cases pursuant to Ch. 74-377, supra. In re Transition Rule 20, Case No. 46,571, opinion filed December 9, 1974, corrected opinion filed December 18, 1974. Rule 6.150 of said transition rule states that, [t]he procedure prescribed by law in civil and criminal cases concerning the attendance and testimony of witnesses, the administration of oaths and affirmations and proceedings to enforce the remedies and protect the rights of the parties shall govern traffic cases so far as they are applicable . . . . Cf., In re Transition Rule 20, Order entered, January 13, 1975, amending Rules 6.470(c) and 6.560 relating to court costs and additional assessments for state and local governments and governing the disbursement of all civil penalties received after January 20, 1975. Therefore, since the procedures prescribed by law in both civil and criminal cases concerning witnesses will be applicable to proceedings under Ch. 74-377, supra, and since one such procedure is the requirement that the state attorney prosecute or defend both civil and criminal suits in which the state is a party and call all witnesses required on behalf of the state, it is my opinion that whenever the state is a party to any noncriminal traffic infraction proceeding pursuant to Ch. 74-377, the state attorney can and must secure the attendance of witnesses required on behalf of the state even though the noncriminal hearings are in the nature of civil proceedings. Your question as stated above is answered in the affirmative.